FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAY 2 9 2003

[Clerk signature]
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOE PADILLA,

    Plaintiff,

v.                                                                                   No. CIV-03-0141 MCA/KBM

JOHN SHANKS,
RON LYTLE,
ART MURPHY,
ROBERTA MANSFIELD,
DR. FEATHERSTONE,
C.M.S. MEDICAL SERVICES,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the

allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff was placed in a "rubber room" when he first arrived at the facility, and was subsequently denied necessary medical treatment. Plaintiff also alleges he has been denied access to the courts. He alleges he has exhausted administrative remedies, and his complaint seeks damages and injunctive relief.

No relief can be granted on Plaintiff's claim for denial of access to the courts. This claim is based on the allegation that certain Defendants have failed and refused to comply with grievance procedures. These allegations do not "establish relevant actual injury," *Lewis v. Casey*, 518 U.S. 343, 351 (1996), because Plaintiff may assert in this Court his claim that administrative remedies are ineffective or futile, *Garrett v. Hawk*, 127 F.3d 1263, 1267 (10th Cir. 1997) ("Congress clearly intended to require prisoners to exhaust only 'such administrative remedies as are available' "); *and cf. Murray v. Albany County Board of County Commissioners*, No. 99-8025, 2000 WL 472842, at \*\*2 (10th Cir. Apr. 20, 2000) (affirming dismissal of claim for inadequate grievance procedures; no liberty interest implicated). Nor does Plaintiff allege that prison officials have actively interfered with his attempts to prepare and file legal documents. *Lewis*, 518 U.S. at 350; *see Bounds v. Smith*, 430 U.S. 817, 828 n.17 (1977) ("main concern here is 'protecting the ability of an inmate to prepare a petition or complaint'"). Plaintiff's claim for denial of access to the courts will be dismissed.

The complaint contains no allegations against Defendants Shanks (the Secretary of the New Mexico Department of Corrections), Lytle, or Murphy affirmatively linking them to the remaining asserted violations. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Plaintiff states that guards placed him in the "rubber room." To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by a defendant in the constitutional violation. *Mitchell v. Maynard*,

80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *Id.* Plaintiff's claims against Defendant Shanks, Lytle, and Murphy will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's claim for denial of access to the courts is DISMISSED with prejudice;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants Shanks, Lytle, and Murphy are DISMISSED with prejudice; and these parties are DISMISSED from this action;

IT IS FINALLY ORDERED that the Clerk is directed to issue summonses, with notice and waiver forms, for Defendants Mansfield, Featherstone, and C.M.S. Medical Services.

_____
UNITED STATES DISTRICT JUDGE