IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOE PADILLA,

       Plaintiff,

v.                                                                             CIV 03-141 JB/KBM

ROBERTA MANSFIELD,
DR. FEATHERSTONE, and
CORRECTIONAL MEDICAL SERVICES,

       Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on the remaining Defendants' *Martinez* Report, *Doc. 15,* and accompanying motion for summary judgment, *Doc. 13.* Although the Court set a briefing schedule on the *Martinez* Report and ordered Plaintiff to file his response by October 31, 2003, he has not done so. *See Doc. 10.* The New Mexico Corrections Department inmate search site indicates that Plaintiff is still incarcerated in Central New Mexico Correctional Facility, which is the address the Court has for him. If he has been transferred or released, he has not filed a change of address as he is required to do by our local rules. *See* D.N.M.LR-Civ.83.6 ("parties appearing pro se have continuing duty to notify the Clerk, in writing, of any change in their mailing addresses").

Although Defendants contend that the claims fail on the merits, they initially argue that Plaintiff failed to exhaust his administrative remedies before bringing this action as required by 42 U.S.C. § 1997e(a). Plaintiff is suing the nurse who dispensed medication, the doctor who attended to certain of his physical ailments, and their employer which, during the time in question,

was responsible for providing medial care at the facility where Plaintiff is housed. He asserts that the nurse: (1) gave him the wrong medication that resulted in swelling of his lower extremities; and (2) threatened to "write him up" for obeying an order when he questioned the propriety of the medication. Plaintiff maintains that he was placed in a "rubber room" and not permitted access to a restroom despite the fact that he was actually having a seizure. He further claims that thereafter, the doctor continually ignored his complaints about leg swelling and four weeks later a nurse told him that he was being over-medicated and hence the reason for the swelling. *See Doc. 1* ("Nature of Case," Items I-III).

In addition to setting a date for Plaintiff's response, my order specifically and prominently notified him that "the *Martinez* Report may be used in deciding whether to grant summary judgment on Plaintiff's claims, whether by motion or *sua sponte;* as such, the parties should submit whatever materials they consider relevant to Plaintiff's claims." *Id.* (emphasis omitted). The submitted exhibits reveal that Plaintiff filed a grievance regarding the first two claims on August 26, 2002. *Doc. 14,* Exh. A. The response he received that same day was that "Medical Services has addressed the medication issue . . . [Defendant] Mansfield is no longer employed at CMRU." *Id.* Plaintiff did not appeal the decision to the Director of Adult Prisons. *Id.,* Exh. B; *see also id.,* Exh. C (CD-150501, § II.D).

Inmates who do not complete the administrative steps available to them or who omit certain allegations from their grievance do not satisfy the requirement under 42 U.S.C. § 1997e(a) that they "fully" exhaust the administrative remedies available to them. *See e.g., Jernigan v. Stuchell,* 304 F.3d 1030, 1032 (10th Cir. 2002) ("An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his

administrative remedies."); *Gonzales-Liranza v. Naranjo,* 76 Fed. Appx. 270, 272 (10th Cir. 2003) ("even accepting plaintiff's allegation that he was unaware of the grievance procedures, there is no authority for waiving or excusing compliance with PLRA's exhaustion requirement."); *Hamby v. Jordan,* 55 Fed. Appx. 887, 888 (10th Cir. 2003) (finding without merit arguments that exhaustion would be futile because time for filing expired, that inmate believed prison officials would not effectively assist him, and that case involved an emergency situation, noting that the "Supreme Court has declined to read 'futility or other exceptions' into the PLRA's exhaustion requirement."); *Mata v. Ray,* 2003 WL 22102139, *2 (D. Kan. August 7, 2003) ("record also reflects that plaintiff took no steps to pursue the administrative grievance process regarding defendant Maldonado's alleged activity. Therefore, the court also finds that plaintiff did not exhaust his administrative remedies regarding this claim.).

Finally, the Court has the inherent power to impose a variety of sanctions on litigants in order to, among other things, regulate its docket and promote judicial efficiency. *Martinez v. Internal Revenue Service*, 744 F.2d 71, 73 (10th Cir. 1984). One such sanction within the discretion of the Court is to dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) *see also* FED. R. CIV. P. 41(b); *Costello v. United States,* 365 U.S. 265, 286-87 (1961) (district court may dismiss *sua sponte* for failure to comply with order of court). Plaintiff is on notice that failure to respond to a motion to dismiss or abide by a court order may result in a finding of manifest lack of interest in prosecuting the lawsuit.

Wherefore,

**IT IS HEREBY RECOMMENDED** that this action be dismissed **without prejudice** for failure to exhaust administrative remedies.

**ALTERNATIVELY, IT IS HEREBY RECOMMENDED** that this action *sua sponte* be dismissed  **without prejudice** for failure to prosecute.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the ten-day period  if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE